UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAWN M. WOODARD,

        Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,[1]

        Defendant.

---

18-CV-00414-MJR

DECISION AND ORDER

As set forth in the Standing Order of the Court regarding Social Security Cases subject to the May 21, 2018, Memorandum of Understanding, the parties have consented to the assignment of this case to the undersigned to conduct all proceedings, including the entry of final judgment, as set forth in 42 U.S.C. § 405(g). (Dkt. No. 16)

Plaintiff Dawn M. Woodard ("plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act").

Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, plaintiff's motion (Dkt. No. 11) is granted, and defendant's motion (Dkt. No. 14) is denied.

---

[1] The Clerk of Court is directed to amend the caption accordingly.

## BACKGROUND[2]

On November 14, 2014, plaintiff protectively filed an application for DIB, alleging disability beginning May 29, 2014, due to lower back issues, Barrett esophagus, and high blood pressure. Her claim was denied at the initial level. (Tr. 87-96)[3] On June 8, 2017, Administrative Law Judge ("ALJ") Melissa Lin Jones held a hearing at which plaintiff appeared with counsel and testified. (Tr. 41-86) An impartial Vocational Expert ("VE") also testified. (*Id.*)

The ALJ issued an unfavorable decision on August 3, 2017. (Tr. 28-37) The Appeals Council subsequently denied review (Tr. 1-6), and this timely action followed. (Dkt. No. 1)

## DISCUSSION

### I. *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision

---

[2] The Court presumes the parties' familiarity with plaintiff's medical history, which is discussed at length in the moving papers. The Court has reviewed the medical record, but cites only the portions of it that are relevant to the instant decision.

[3] Citations to "Tr.___" refer to the pages of the administrative transcript. (Dkt. No. 8)

2

rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (*quoting Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II. <u>Standards for Determining "Disability" Under the Act</u>

A "disability" is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §423(d)(2)(A). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (*quoting Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §404.1520(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §404.1520(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §404.1520(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first,

whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §404.1520(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.*

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §404.1520(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §404.1545(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §404.1520(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §404.1520(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.*

The burden through steps one through four described above rests on the claimant. If the claimant carries their burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III. *The ALJ's Decision*

The ALJ followed the required five-step analysis for evaluating plaintiff's claim. Under step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of May 29, 2014. (Tr. 30) At step two, the ALJ found that plaintiff had the severe impairments of degenerative disc disease of the cervical, lumbar, and thoracic spine, and chronic obstructive pulmonary disease. (Tr. 31) At step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (Tr. 32) Before proceeding to step four, the ALJ assessed plaintiff's RFC as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), because the claimant is able to lift and/or carry twenty pounds occasionally and ten pounds frequently, stand and/or walk for six hours in an eight-hour workday, and sit for six hours in an eight-hour workday. The claimant is occasionally able to work at unprotected heights, and she is occasionally able to balance, stoop, kneel, crouch, crawl, reach overhead, and climb ramps, stairs, ladders, ropes, and scaffolds. The claimant must avoid concentrated exposure to humidity and fumes, odors, dust, gases, and other pulmonary irritants.

(Tr. 32)

Proceeding to step four, the ALJ concluded, based upon the testimony of the VE, that plaintiff was capable of her past relevant work as an assembler as it was actually and generally performed. (Tr. 36-37) Accordingly, the ALJ found that plaintiff had not been under a disability within the meaning of the Act. (Tr. 37)

6

IV.  *Plaintiff's Challenges*

Plaintiff requests that this matter be remanded for further administrative proceedings on the grounds that: (1) the ALJ's step four finding was inconsistent with the Dictionary of Occupational Titles ("DOT") and she did not resolve the inconsistency as was required; and (2) the ALJ erred in relying on the stale opinion of the consulting examiner where plaintiff underwent surgery following the examination and her condition subsequently worsened. (*See* Dkt. No. 11-1 ("Pl. Mem.") at 1, 9-13)

With respect to her first argument, the Court agrees that the ALJ's step four finding was erroneous in light of the Second Circuit's recent decision in *Lockwood v. Comm'r Soc. Sec.*, 914 F.3d 87, 91-92 (2019), which held that a vocational expert's testimony cannot constitute substantial evidence if it contains an apparent or obvious conflict with the DOT. In that event, the ALJ has an affirmative obligation to identify and elicit a reasonable explanation for the conflict before she can rely on the vocational expert's testimony. Specifically, the *Lockwood* court held that the ALJ erred in failing to identify and resolve apparent conflicts between the assessed RFC and the DOT with respect to reaching. *See* 914 F.3d at 90. "Testimony that a claimant with overhead reaching limitations is capable of performing a job that the [DOT] describes as requiring 'reaching,' then, creates at least an apparent conflict that triggers the Commissioner's duty to elicit an explanation that would justify crediting the testimony." *Id.*

In this case, the ALJ found at step four that plaintiff could perform her past relevant work as an assembler. (Tr. 37) The VE identified this job in testimony as an "Assembler, Plastic Hospital Products." DOT 712.687-010, 1991 WL 679245 (G.P.O. 1991). The DOT indicates that this job would require frequent reaching, meaning the activity is

7

present 1/3 to 2/3 of the time. *See id.* The ALJ's RFC, however, provided that plaintiff could perform only occasional (up to 1/3 of the time) overhead reaching. (Tr. 32) In her decision, the ALJ found:

> The DOT indicates that the job of assembler . . . requires frequent reaching while the above-listed [RFC] limits the claimant to occasional overhead reaching; the undersigned notes that the claimant has no limitations in the ability to reach in all other directions while the DOT does not specify the direction of the reaching limitation. Due to her expertise and experience, the [VE's] testimony is accepted in accordance with Social Security Ruling 00-4p.

(Tr. 37)

The DOT description of the assembler job does not distinguish between overhead reaching and simple reaching, but the term "reaching" is defined by the Administration's Social Security Rulings ("SSRs") as "extending the hands and arms in any direction." SSR 85-15, 1985 WL 56857, *7 (S.S.A. Jan. 1, 1985); *Lockwood*, 914 F.3d at 92 ("In both the 1985 Policy Statement and common usage, 'reaching' includes overhead reaching."); *see also Spears v. Colvin*, No. 15-CV-6236, 2016 WL 4973890, *3-5 (W.D.N.Y. Sept. 19, 2016) (relying on SSR 85-15 for the definition of "reaching" in finding step five error). Thus, a clear conflict existed between the job identified by the VE and the ALJ's RFC finding, and the ALJ failed to resolve it pursuant to SSR 00-4p. *See* SSR 00-4p ("When there is an apparent unresolved conflict between VE . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled").

First, the VE's affirmative response to the ALJ's question, "[H]as your testimony been consistent with the DOT?" does not remedy the error. *See Spears*, 2016 WL

8

4973890, at *4 (finding that the ALJ failed to resolve the conflict where "[t]he VE merely checked 'no' to two questions regarding conflicts between his testimony and the DOT . . ., and the ALJ's decision included a conclusory statement that the VE's testimony was 'consistent with the information contained in the DOT'") (internal citations omitted) (citing *Patti v. Colvin*, No. 13-CV-1123, 2015 WL 114046, *6 (W.D.N.Y. Jan. 8, 2015) ("The ALJ's catch-all question to the [VE] regarding any inconsistencies between the [VE]'s testimony and the DOT does not satisfy the ALJ's duty to identify, explain, and resolve the conflicts between the [VE]'s testimony and her decision.")). Second, the ALJ found that plaintiff could perform the assembler job either as defined in the DOT or as she actually performed it. (Tr. 37) The testimony at the hearing, however, did not address whether she performed overhead reaching at her past job as an assembler. Rather, the only function the ALJ inquired about was how much lifting was involved in the position. (Tr. 76) There no indication that plaintiff's past work, even as it was past performed, deviated from the DOT definition. (*See* Tr. 52, 55, 76)

The Commissioner attempts to distinguish the present case from *Lockwood* because the ALJ decided this case at step four, rather than step five, and was not required to resolve any apparent conflicts between the RFC and DOT because it is the plaintiff's burden to show an inability to perform her past relevant work. (Dkt. No. 14-1 (Def. Mem.) at 20-21) *See generally Talavera v. Astrue*, 697 F.3d 145, 151 (2d. Cir. 2012) (the plaintiff bears the burden with respect to steps one through four, while the Commissioner has the burden at step five).

Regardless of the fact that this case was decided at step four, here, the ALJ relied on the vocational expert's ("VE's") testimony that plaintiff could perform her past relevant

work as an assembler, despite the conflict between that job description and the ALJ's RFC, which stated that plaintiff could perform reaching only occasionally overhead. This was error. *See Mack v. Comm'r of Soc. Sec.*, No. 17-CV-924, 2019 WL 2027214, at *5 (W.D.N.Y. May 8, 2019) (remand required where ALJ did not follow directives in SSR 00-4p at step four of his analysis); *Nobile v. Comm'r of Soc. Sec.*, No. 16-CV-0871, 2017 WL 3054846, at *7 (N.D.N.Y. July 19, 2017) ("Because these conflicts do raise serious questions that are unresolvable based on the current record as to whether the vocational expert's testimony constitutes substantial evidence to support the ALJ's conclusions, remand for further exploration and explanation related to these issues is warranted, particularly as these conflicts appear to invalidate the Step Four finding, and the burden then shifts to the ALJ at Step Five."); *Carbee v. Comm'r of Soc. Sec.*, No. 17-CV-0051, 2018 WL 333516, at *18 (N.D.N.Y. Jan. 9, 2018) (ALJ did not properly determine that plaintiff was capable of performing his past relevant work or other existing work in the national economy where there existed a conflict as to overhead reaching). Remand is therefore required for reconsideration of the ALJ's findings at steps four and analysis through step five.

Plaintiff also contends that the ALJ erred in relying on the stale opinion of the consulting examiner, which occurred prior to plaintiff's back surgery, and that her condition worsened following the examination. (Pl. Mem. 1, 11) In finding remand necessary for the reasons stated above, the Court need not reach this remaining argument. Thus, the ALJ may consider whether plaintiff's condition appreciably worsened following the consulting examiner's opinion in the subsequent administrative proceedings.

## **CONCLUSION**

For the foregoing reasons, plaintiff Dawn M. Woodard's motion for judgment on the pleadings (Dkt. No. 11) is granted, defendant Commissioner of Social Security's motion for judgment on the pleadings (Dkt. No. 14) is denied, and the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated: October 11, 2019
Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge